Andrea L. Labov, Asst. U.S. Atty., New York City, for the U.S.

Leonard F. Joy, the Legal Aid Soc., New York City, for defendant.

---

**UNITED STATES of America,**

v.

**Marcelo ACOSTA, Defendant.**

**No. S1 93 Cr. 386(MEL).**

United States District Court,
S.D. New York.

Feb. 25, 1994.

OPINION

LASKER, District Judge.

The defendant has pleaded guilty to having attempted to rob, at gunpoint, a store owner of cash proceeds (18 U.S.C. §§ 1951 and 1952). The guideline range in the case is forty-one to fifty-one months and the Probation Department has recommended a custodial sentence of forty-five months.

The question is whether a downward departure, for the reasons mentioned below, is permissible, and, if so, appropriate.

■  The plea agreement between the Government and the defendant provides that the defendant will not move for a downward departure. Nevertheless, that agreement does not bind the court. *See, e.g., United States v. Braimah,* 3 F.3d 609, 612 (2nd

Cir.1993). Counsel for the defendant and the Government have, at the request of the court, expressed their respective views as to why the court should or should not depart downward in imposing sentence. Defendant's counsel suggests that a departure downward would be justified both because (1) the defendant suffers from a form of mental retardation or learning disability, such that he has been placed in the Supplemental Security Income Program and (2) because at the age of 15, he saved the life of an 11 month old baby at the risk of his own life in the case of a fire in an apartment building. In this connection he received commendation from the Fire Department of the City of New York, the City Council of the City of New York, the President of the Borough of the Bronx and his United States Congressman.

■ The Government opposes a downward departure on the grounds that (1) reduced mental capacity, according to the Government, "does not provide a permissible basis for a downward departure when the crime or conviction is a violent one" (referring to Guideline Policy Statement at § 5K2.13) and (2) that Guideline Policy Statement 5H1.11 provides that "military, civic, charitable or public service ... and similar prior good work are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range."

I have concluded that a downward departure is warranted in this case. In the first place, it is a case which is "of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guideline that should result in a sentence different from that described." (See Guideline § 5K2.0 (grounds for departure)).

Moreover, the authority against departure cited by the Government consists only of Policy Statements which, as the Court of Appeals of this Circuit has stated in *United States v. Johnson,* 964 F.2d 124, at 127 (1992) "... cannot be viewed as equivalent to the guidelines themselves" and with regard to which the court ruled that "In sum, while Policy Statement should aid courts in interpreting the Guidelines, sentencing courts must take care not to give any statements undue weight." As the court observed at Page 128: "The central question in any departure decision must be the one imposed by the statute: Is there an aggravated or mitigating circumstance not adequately taken into consideration by the Sentencing Commission".

Furthermore, the Policy Statements relied on by the Government do not forbid or exclude the possibility of a downward departure in this case. § 5K2.13, to the extent relevant, states only that "If the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicant, a lower sentence may be warranted ...". While this provision specifies that a lower sentence may be warranted in the type of non-violent offense described, it does not purport to exclude the possibility that there may be circumstances in which mental retardation of the defendant may be considered by the court, even in a case of a violent offense, in determining whether a departure downward is appropriate.

With regard to the defendant's having saved the life of another at the risk of his own, § 5H1.11, relied on by the Government, says only that "military, civic, charitable, or public service; employment-related contributions; and similar prior good works are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." It is now generally accepted that where the Guidelines specify that a factor is "not *ordinarily* relevant" (emphasis supplied) the implication is that there are circumstances in which such factors may be relevant. For example, Policy Statement 5H1.6 provides that "family ties and responsibilities and community ties are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." Nevertheless, the Court of Appeals of this Circuit has ruled in *United States v. Johnson,* 964 F.2d 124 (1992) that in the circumstances of that case family responsibilities were relevant and constituted an appropriate reason for granting a downward departure.

In the circumstances of this case, I conclude that a downward departure is authorized and warranted. Acosta's life saving, heroic act in itself justifies such a departure but certainly does so when considered in combination with his retarded mental condition.